# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SHARON HARDMAN                                                       PLAINTIFF

v.                             No. 5:17CV00123 JLH

NANCY BERRYHILL, Acting Commissioner,
SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## OPINION AND ORDER

Sharon Hardman commenced this employment discrimination action against Nancy Berryhill, Acting Commissioner of the Social Security Administration, on April 28, 2017. Hardman alleged claims for race discrimination, age discrimination, and retaliation under Title VII, the Age Discrimination in Employment Act, the Rehabilitation Act, the Equal Pay Act, and a common law claim for outrage. Hardman is a Claims Specialist in the Social Security Administration's field office in Pine Bluff, Arkansas. Hardman moved for dismissal and the Court dismissed all claims other than the claims under Title VII and the ADEA. Document #23; Document #28. The Commissioner has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative a motion for summary judgment pursuant to Rule 56. Document #12. The Commissioner maintains that the statute of limitations bars Hardman's Title VII and ADEA claims. For the following reasons, the motion is granted.

The Commissioner filed her motion to dismiss or in the alternative a motion for summary judgment on September 5, 2017. Document #12. Hardman requested an extension of time to file a response, which the Court granted and allowed Hardman up to and including October 3 to file a response. Document #16. On October 3, Hardman filed a motion objecting to consideration of matters outside the pleadings, requesting that the Court either enter a stay or grant her a second of extension of time to respond to the Commissioner's motion. Document #20. Four days later

Hardman filed a response to the Commissioner's motion, again arguing for a stay. Document #24. The Commissioner requested leave to file a reply, which the Court granted, and the Commissioner filed her reply on November 8. Document #27. On November 9, the Court entered an order allowing sixty days for Hardman to conduct any discovery necessary to respond to the motion to dismiss or for summary judgment and allowing her to file a supplemental response no later than January 15, 2018. Document #28. On January 15, Hardman requested an extension of time to file the supplemental response and the Court granted an extension up to and including January 29. Document #34. Hardman filed her supplemental response on January 28 and the Commissioner replied on February 5. Document #35; Document #36.

Rule 12(d) provides that if, on a motion to dismiss under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. The Court will treat the Commissioner's motion as one for summary judgment. As explained, the parties were given sixty days to conduct discovery and present evidence to the Court in supplemental briefs. A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Title VII prohibits discrimination by the federal government against its employees based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). The ADEA prohibits discrimination by the federal government against its employees based on age. 29 U.S.C. § 633. Each federal agency is responsible for handling discrimination complaints and is required by law to implement certain processes. 29 C.F.R. § 1614.105(a). Those processes and Hardman's exhaustion of them are not the issue here. The issue is the timeliness of this action. Title VII provides that a civil action may be brought by the complaining party within 90 days after the receipt of notice of final action taken by the agency. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(c). This requirement applies to ADEA claims as well. 29 U.S.C. 626(e); 29 C.F.R. § 1614.407(c); *Charles v. Brennan*, 174 F. Supp. 3d 97, 102 (D.D.C. 2016). Hardman has filed several administrative charges alleging race and age discrimination and retaliation. Document #6 at 7, ¶ 20. On November 30, 2016, an administrative judge with the EEOC found there was no discrimination based on age or race, and found there was no retaliation. Document #13-1 at 2. On January 9, 2017, the Social Security Administration adopted the administrative judge's findings: "It is the final order of the SSA that Complainant was not discriminated against based on age, race, and retaliation." *Id.*; 29 C.F.R. § 1614.110(a).

The record shows that Hardman received the final order on January 23, 2017. The Commissioner has submitted the affidavit of Monique Smith, an Equal Employment Specialist in the Social Security Administration's Office of Civil Rights and Equal Opportunity, Center for Complaints Resolution. Document #36-1. Smith stated that her component was responsible for issuing the final order, that the shipment label for the final order was generated on January 9, and that the proof of delivery shows that "Hardman" signed for the final order on January 23, 2017. *Id.*

3

Second, attached to the affidavit are the shipping label addressed to Sharon Hardman in Pine Bluff, Arkansas and the UPS proof of delivery, which provides that an adult signature was required and that "Hardman" received the final order on January 23, 2017 at 4:44 PM. *Id*. at 2-3. Hardman alleges in the complaint that she did not receive the final order until January 29. Document #6 at 7, ¶ 20. The Commissioner submitted evidence to the contrary, demonstrating the absence of a genuine dispute for trial as to when Hardman received the final order. Because Hardman failed to come forward with specific facts to establish a genuine dispute as to when she received the final order, the ninety-day period for commencing suit began to run on January 23. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The ninetieth day after January 23 was April 23, which was a Sunday. Hardman therefore had until Monday, April 24, 2017, to file suit. Fed. R. Civ. P. 6(a)(1)(C). She did not commence this action until April 28. Hardman admits that the final order expressly informed her that she had ninety days to file a civil action in federal court. Document #22 at 2, ¶ 7. Her discrimination claims are untimely.

The ninety-day time requirement is not jurisdictional and is subject to equitable tolling, but equitable tolling is generally reserved for circumstances beyond the control of the plaintiff and Hardman has not established any basis for equitable tolling of the statutory period. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 93, 111 S. Ct. 453, 456, 112 L. Ed. 2d 435 (1990). Therefore, this action is barred.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss or in the alternative for summary judgment is GRANTED. Document #12. This action is dismissed with prejudice.

IT IS SO ORDERED this 13th day of February, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE